J-A29027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERMAN L. EDMONDSON | : | |
| | : | |
| Appellant | : | No. 884 WDA 2023 |

Appeal from the PCRA Order Entered June 30, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000038-2018

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: February 27, 2024**

Herman L. Edmondson appeals *pro se* from the order denying his latest request for post-conviction relief.  The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

The pertinent facts and procedural history are as follows:  In 2018, a jury convicted Edmondson of conspiracy to commit aggravated assault.  These convictions arose after Edmondson conspired with Lawrence Johnson to shoot two people thereby causing them serious bodily injury.  On December 10, 2018, the trial court sentenced him to an aggregate term of 84 to 164 months in prison.  Edmondson filed a timely post-sentence motion, which was granted only as to a time credit issue.  Edmondson appealed.  On November 22, 2019, this Court affirmed his judgment of sentence.  ***Commonwealth v.***

***Edmondson***, 224 A.3d 791 (Pa. Super. 2019) (non-precedential decision). Edmondson did not seek further review.

On November 30, 2020, Edmondson filed a timely *pro se* PCRA petition. The PCRA court appointed counsel. On April 21, 2021, PCRA counsel filed an amended petition. In this petition, PCRA counsel opined that the ineffectiveness claims raised by Edmondson in his *pro se* petition were meritless. Instead, PCRA counsel raised a claim of after-discovered evidence based on an affidavit from Lawrence Johnson.

On May 5, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Edmondson did not file a timely response. By order entered June 2, 2021, the PCRA court denied Edmondson's amended petition. Edmondson did not file an appeal.

On March 24, 2023, Edmondson filed a *pro se* "Reinstatement of [Appellate] Rights Nunc Pro Tunc and Request to Pursue [PCRA] Counsel's Ineffective Assistance of Counsel Claim Pursuant to Commonwealth v. [Bradley]."[1] By separate memorandum and order, the PCRA court denied the request for reinstatement of appellate rights.[2] The PCRA court treated the remaining portion of Edmondson's filing as a subsequent PCRA petition. On May 10, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing because it was untimely-filed, and Edmondson

---

[1] ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021).

[2] Edmondson did not appeal this order.

failed to establish an exception to the PCRA's time bar. Edmondson filed a *pro se* response. By order entered June 30, 2023, the PCRA court dismissed Edmondson's petition. This appeal followed. Both Edmondson and the PCRA court have complied with Pa.R.A.P. 1925.

Edmondson raises four issues on appeal which we cite verbatim:

I.   Did the PCRA court erred as matter of law in dismissing PCRA petition without a hearing?

II.  Was Petitioner denied his rights under Article I, Section 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when PCRA counsel failed to properly present and preserve trial counsel's ineffective assistance to the PCRA court.

III. Did the PCRA court erred as a matter of law in dismissing Petitioner's claim of trial counsel's ineffectiveness in failing to interview of call as a witness Lawrence "Larry" Johnson in violation of the 6th and 14th Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution wherein PCRA counsel failed to make the proper and correct argument to the PCRA court?

IV.  Were the PCRA court's factual findings and legal conclusions in denying Petitioner's lack effective assistance of counsel and access to the PCRA process in violation of the 6th and 14th Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution?

Edmondson's Brief at 4.

Before discussing these issues, however, we must first address whether the PCRA court properly considered Edmondson's latest filing for post-conviction relief as a second PCRA petition. **See** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same

purpose . . . including *habeas corpus*"); ***Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)").

In his 2023 filing, Edmondson raised layered claims of ineffective assistance of PCRA counsel. These challenges constitute a cognizable claim under the PCRA. ***See*** Pa.C.S.A. § 9543(a)(2)(ii). Thus, the PCRA court properly considered Edmondson's filing at issue here as a serial PCRA petition.

Treating Edmondson's latest filing as a PCRA petition, we next determine whether the PCRA court correctly concluded that it was untimely filed, and that Edmondson failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time

on appeal.  ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims."  ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Edmondson's judgment of sentence became final on December 23, 2019, thirty days after he failed to file a petition for allowance of appeal with our Supreme Court.  ***See*** 42 Pa.C.S.A. § 9545(b)(3).[3]  Therefore, Edmondson had until December 22, 2020, to file a timely PCRA petition.  As Edmondson filed the petition at issue in 2023, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  ***See Hernandez***, ***supra***.

Edmondson has failed to plead and prove any exception to the PCRA's time bar.  Indeed, in both his latest filing and brief he fails to acknowledge the statutory time restrictions, and proceeds to argue his substantive issues.

---

[3] Because the thirtieth day fell on a Sunday, Edmondson had until the following Monday to file a timely petition for allowance of appeal.  ***See generally***, 1 Pa.C.S.A. § 1908.

Instead, Edmondson asserts that his March 2023 filing was actually his *pro se* response to the PCRA court's Rule 907 notice for his November 2020 PCRA petition.

Edmondson's *pro se* response was filed after the PCRA court had already entered its order denying his 2020 PCRA petition. Thus, the 2023 filing was treated as a second PCRA petition. Edmondson contends that even if his response is treated as a second PCRA petition, "it should be treated as a timely filed second petition based on the newly discovered fact exception, *i.e.*, PCRA counsel's abandonment." Edmondson's Brief at 10. We cannot agree.

The PCRA court held that our Supreme Court's decision in **Bradley**, **supra**, does not permit Edmondson to raise a claim of PCRA counsel's ineffectiveness in an untimely serial PCRA Petition. The court explained:

> [Edmondson] predicates his claim for PCRA relief on [**Bradley**, **supra**]. However, the reason for this is unclear on the face of the Petition. To the extent [Edmondson] implies a new exception to the timeliness rule was carved out by [**Bradley**], [Edmondson's] reliance upon the case is misplaced. **Bradley** did not abrogate the Pennsylvania Supreme Court's decision of **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits). As the majority in **Bradley** stated,"[u]nder the PCRA, ineffective assistance of counsel is one of the enumerated errors entitling a defend to relief so long as the other conditions of the PCRA are met." [**Bradley**, 261 A.3d at 390]. The jurisdictional timeliness requirement is one such condition of the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1).

Rule 907 Notice, 5/10/23, at 3-4.

Our review of recent precedent supports the PCRA court's conclusions. This Court has held that "[n]othing in **Bradley** creates a right to file a second

PCRA outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023). The *Stahl* court clarified that "our Supreme Court in *Bradley* unambiguously **rejected** the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel." *Id.* Therefore, *Bradley* does not excuse the facial untimeliness of Edmondson's second PCRA petition. Additionally, PCRA counsel's alleged abandonment is not a "newly-discovered" fact concerning the crime for which he was convicted. As such, this alleged abandonment does not satisfy a time-bar exception.

In sum, Edmondson's latest filing is cognizable under the PCRA, but it is untimely, and he has failed to establish a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider his substantive claims. *Derrickson*, *supra*. We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/27/2024